**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Judith A. NEAL, Defendant–Appellant.**

**No. 91–4261.**

United States Court of Appeals, Fifth Circuit.

Jan. 13, 1992.

John William Focke, II, Monroe, La., for defendant-appellant.

Josette L. Cassiere, Asst. U.S. Atty. and Jos. S. Cage, Jr., U.S. Atty., Shreveport, La., for plaintiff-appellee.

Before CLARK, Chief Judge, JONES, Circuit Judge and PARKER*, District Judge.

ROBERT M. PARKER, District Judge:

Judith A. Neal appeals her criminal conviction for obstruction of justice. We AFFIRM.

The Federal District Clerk for the Monroe Division of the Western District of Louisiana received a letter purportedly written by Mrs. Gladys Collins who had served as a juror in a criminal case styled *United States versus Fryar*. The letter stated:

> Dear Sir:
>
> I was on the jury last January that voted against Fryar for sending that

* District Judge of the Eastern District of Texas, sitting by designation.

girl to Steve's room. We new (sic) that it was not right. It bothers me. If he was sent to jail let me know. My address is 2205 Ellis St., W'boro, Louisiana 71295

Yours truly,

Gladys Collins.

Fryar's attorney sought a stay of Fryar's appeal, which was pending at the time the letter was received, and moved for a new trial on the basis of the letter.

Appellant admitted that she wrote the letter and addressed the envelope. Defendant Robert Swayzer, who was also indicted for obstruction of justice, dictated the letter to Appellant. She turned the letter over to Swayzer when it was completed.

On January 14, 1991, a jury found Appellant guilty. The Court sentenced Appellant to eighteen (18) months in prison, three (3) years of supervised release and a mandatory cost assessment of $50.00.

Appellant appeals the conviction bringing four points of error.

## MOTION TO DISMISS THE INDICTMENT

■■■ In her first point of error Appellant contends that the trial court erred in denying her Motion to Dismiss the Indictment. She complained the indictment failed to allege that the defendant caused the letter to be communicated and/or delivered to the clerk.

The indictment specifies Judith A. Neal endeavored to influence, obstruct and impede the due administration of justice in *United States v. Fryar,* in that she wrote a letter to the U.S. Clerk of Court, purportedly from a juror in that case, when said letter was not written by the juror, all for the purpose of fraudulently obtaining a new trial in the case of *United States v. Fryar,* all in violation of Title 18, United States Code, Section 1503.

The essential elements which must be alleged in an indictment for violation of the omnibus clause of 18 U.S.C. § 1503 are that there was a pending judicial proceeding, the defendant had knowledge or notice of the pending proceeding, and the defen-

dant acted corruptly with the specific intent to obstruct or impede the proceeding or the due administration of justice. *United States v. Williams,* 874 F.2d 968 (5th Cir.1989). The Appellant contends that the indictment must also allege facts concerning her intent or attempt to deliver the letter to the Clerk. Appellant argues that the mere writing of a letter without delivery or communication cannot produce an effect required for violation of the statute. She cites the following language from *Cole v. United States,* 329 F.2d 437 (9th Cir. 1964), as authority for her position, "... only that is proscribed which produces or which is capable of producing an effect that prevents justice from being duly administered." The Fifth Circuit adopted the same interpretation of the statute verbatim in *United States v. Howard,* 569 F.2d 1331 (5th Cir.1978).

The omnibus clause of 18 U.S.C. § 1503 makes an offense of any proscribed endeavor, without regard to the technicalities of the law of attempts or the doctrine of impossibility. *United States v. Williams,* 874 F.2d 968, 481 (5th Cir.1989), citing *Osborn v. United States,* 385 U.S. 323, 87 S.Ct. 429, 17 L.Ed.2d 394, (1966). It is intended to cover all endeavors to obstruct justice. It was drafted with an eye to the variety of corrupt methods by which the proper administration of justice may be impeded or thwarted, a variety limited only by the imagination of the criminally inclined. *U.S. v. Griffin,* 589 F.2d 200 (5th Cir.1979). Appellant's argument that it is impossible to believe the letter was capable of impeding the administration of justice is without merit. The letter, in fact, interrupted and delayed the criminal appeal which was pending in the *Fryar* case at the time it was written.

## REQUESTED JURY INSTRUCTION

■■■ In a related point of error, Appellant complains of the denial of her requested jury instruction, quoting the following language from *United States v. Brand,* 775 F.2d 1460 (11th Cir.1985):

"Only that is proscribed which produces or which is capable of producing an ef-

fect that prevents justice from being duly administered."

This is the same language the Fifth and Ninth Circuits used in interpreting the statute. *Cole v. U.S., supra,* and *United States v. Howard, supra.*

The District Court may properly decline to give a requested instruction which incorrectly states the law, is without foundation in the evidence, or is stated elsewhere in the instructions. *United States v. Robinson,* 700 F.2d 205 (5th Cir.1983). The refusal to give a requested jury charge is reversible error only if the instruction was substantially correct, was not substantially covered in the charge delivered to the jury, and it concerned an important issue so that failure to give it seriously impaired defendant's ability to present a given defense. *United States v. Duncan,* 919 F.2d 981 (5th Cir.1990). First, we find that the requested instruction was a correct statement of the law. However the Appellant's argument fails under the second prong of the test. The charge given substantially covered the requested instruction with the following language: "An act of influencing, impeding or obstructing justice *includes any means producing or capable of producing an effect that prevents justice from being duly administered."* (emphasis added) We therefore hold that the District Court did not err in denying Appellant's requested jury charge.

## AIDING AND ABETTING

■■■■ The Court instructed the jury over defendant's objection:

"The guilt of a defendant in a criminal case may be established without proof that the defendant personally did every act constituting the offense alleged. The law recognized that, ordinarily, anything a person can do for himself may also be accomplished by that person through direction of another person as his or her agent, or by acting in concert with, or under the direction of, another person or persons in a joint effort of enterprise. So, if another person is acting under the direction of the defendant or if the defendant joins another person and performs acts with the intent to commit a crime, then the law holds the defendant responsible for the acts and conduct of such other persons just as though the defendant had committed the acts or engaged in the conduct. Notice, however, that before any defendant may be held criminally responsible for the acts of others it is necessary that the accused deliberately associate himself in some way with the crime and participate in it with the intent to bring about the crime. Of course, mere presence at the scene of a crime and knowledge that a crime is being committed are not sufficient to establish that a defendant either directed or aided and abetted the crime unless you find beyond a reasonable doubt that the defendant was a participant and not merely a knowing spectator."

The indictment charged Appellant as a principal and did not include aiding and abetting language or charge her with conspiracy. Appellant contends that the jury instruction allowing for the conviction of appellant for aiding and abetting expanded on the grand jury indictment and thereby violated her Fifth Amendment right to be tried only on the charges made by the grand jury.

Aiding and abetting is not a separate offense, but it is an alternative charge in every indictment, whether explicit or implicit. *United States v. Sanchez,* 917 F.2d 607 (1st Cir.1990); *United States v. Gordon,* 812 F.2d 965 (5th Cir.1987). Absent a showing of unfair surprise, it is not an abuse of discretion to give an aiding and abetting instruction. Reference to 18 U.S.C. § 2 appears on the face of the indictment, and appellant neither alleges nor shows surprise at trial or on appeal. We therefore hold that it was not an abuse of discretion for the trial court to instruct the jury on aiding and abetting.

## NO EVIDENCE OFFERED TO PROVE AN ESSENTIAL ELEMENT

■■■■ Appellant asks this court to reverse her conviction because no evidence was introduced at trial to prove the essential element that she knew of the pending judicial proceeding. The test on a no evidence point of error is well established. Viewing

**634**

the evidence in the light most favorable to the prosecution, could a rational fact finder have found that the prosecution proved beyond a reasonable doubt that defendant committed the acts necessary to constitute every element of the offense charged. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d. 560 (1979); *United States v. Gonzales,* 866 F.2d 781 (5th Cir.1989).

There was no direct evidence in the record that defendant knew of pending judicial proceeding. The circumstantial evidence of defendant's knowledge includes: 1. Defendant wrote the letter, 2. the letter referred to the *Fryar* case, specifically, 3. the letter had the effect of delaying the appellate proceedings, 4. the letter was written approximately eleven months after the trial, 5. Defendant knew when the trial was, since reference was made to the trial date in the letter. Making all credibility choices favorable to the verdict, we find there was sufficient evidence at trial of defendant's knowledge of the judicial proceedings to support the jury's verdict of guilty beyond a reasonable doubt.

CONCLUSION

Having found no merit in Appellant's contentions, we AFFIRM the conviction.