**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 97-20134

UNITED STATES OF AMERICA,

Plaintiff-Appellee

VERSUS

GREGG LOMBARDI,

Defendant-Appellant

Appeal from the United States District Court
For the Southern District of Texas

April 3, 1998

Before POLITZ, Chief Judge, SMITH, and DUHÉ, Circuit Judges.

DUHÉ, Circuit Judge:

Defendant was convicted for trafficking marijuana and for using a juvenile in a drug offense. He appeals arguing that the government failed to prove that he knowingly and intentionally used a juvenile. We agree.

**BACKGROUND**

This case results from a cooperative sting operation between Florida and Texas DEA agents. DEA Special Agent DeSantis and an informant began negotiations with Appellant Gregg Lombardi ("Lombardi") and Alberto Benavides ("Benavides") to buy 2,000 pounds of marijuana. DeSantis met Lombardi and Benavides at a

local motel while the informant went to Benavides' residence, which was the stash house, to make sure the marijuana transfer occurred. Lombardi told DeSantis that he would not be able to deliver the full 2,000 pounds, but that he would be able to make up the difference within a week. The informant called to confirm the marijuana had been loaded. DeSantis then asked Lombardi if he agreed that $630,000 was the correct price and Lombardi nodded. Benavides and Lombardi were arrested.

Simultaneously, several DEA agents knocked on Benavides' door and obtained consent to enter from Hector Rubacaldo, Jr. ("Rubacaldo"), who lived at Benavides' house. Once inside, the agents found five men, including Rubacaldo, who had substantial amounts of baby powder[1] on them. The agents also found 877 pounds of compressed marijuana, a nine millimeter pistol, and miscellaneous drug paraphernalia. While the agents were processing the five men, they discovered that Rubacaldo was a juvenile.

The government indicted and the jury convicted Lombardi on three counts: (1) violating 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(B)(vii), conspiracy to possess with the intent to distribute; (2) violating 21 U.S.C. § 841(a)(1), (b)(1)(B)(vii) and 18 U.S.C. § 2, aiding and abetting possession with the intent to distribute; (3) violating 21 U.S.C. §861(a)(1),(2), knowingly and intentionally employing, hiring, using, persuading, inducing, enticing, or coercing a juvenile to commit a drug offense or to

---

[1]Baby powder is used when packaging marijuana to mask its smell.

2

assist in avoiding detection or apprehension.

**ANALYSIS**

**A. COUNT THREE**

Lombardi raises three issues as to count three. First, he argues that there was insufficient evidence to show that he knowingly and intentionally used the juvenile, Rubacaldo, in a drug offense. Second, he argues that his conviction of count three is invalid because the indictment failed to allege a material fact, that Lombardi was over 18. Third, he argues that his conviction is invalid because the government did not prove that Lombardi knew Rubacaldo was a juvenile. Because we find that the government did not prove that Lombardi knowingly and intentionally used Rubacaldo, we do not address the last two issues.

**1. Sufficiency of the Evidence**

When a defendant challenges the sufficiency of the evidence supporting his conviction, we review the challenge to determine whether the evidence could reasonably support a finding of guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318 (1979). In reviewing the record, we are to view the evidence in the light most favorable to the prosecution and then decide whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Id. Moreover, we do not consider individual facts and incidents separately; rather, we examine the evidence taken as a whole because such evidence "may. . . especially when corroborated by moral coincidences, be sufficient to constitute conclusive proof." United States v.

Rodriquez, 15 F.3d 408, 412 (5th Cir. 1994) (internal citation omitted). "It is not necessary that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt." United States v. Resio-Trejo, 45 F.3d 907, 911 (5th Cir. 1995) (quoting United States v. Bell, 678 F.2d 547, 549 (5th Cir. 1989 (en banc) aff'd on other grounds, 462 U.S. 356 (1983)).

Lombardi argues that there was insufficient evidence to show that he knowingly and intentionally used Rubacaldo in a drug transaction. Further, because the government did not indict him for conspiracy or aiding and abetting in connection with Count Three, it must show that Lombardi himself knowingly and intentionally used Rubacaldo. The government responds, correctly, "that aiding and abetting is not a separate offense, but is an alternative charge in every indictment, whether explicit or implicit." United States v. Neal, 951 F.2d 630, 633 (5th Cir. 1992). Unless Lombardi can show unfair surprise, it is not an abuse of discretion to give an aiding and abetting instruction. Id. Here, Lombardi does not allege unfair surprise. We thus turn to whether Lombardi was properly convicted of aiding and abetting.

To be convicted of aiding and abetting, the defendant must have (1) associated with a criminal venture, (2) participated in the venture, and (3) sought by action to make the venture successful. United States v. Fierro, 38 F.3d 761, 768 (5th Cir. 1994), cert. denied, 514 U.S. 1051 (1995). Moreover, to aid and abet, a defendant must share in the intent to commit the offense as

4

well as play an active role in its commission.  Id.; see also, United States v. Fischel, 686 F.2d 1082, 1087 (5th Cir. 1982).  The government argues that Lombardi fulfills the criteria because he associated with, participated in, and sought to make successful the drug trafficking ring.  The government's argument fails, however, since the criminal venture in Count 3 is not the drug trafficking but the use of a minor in a drug offense.  Were we to agree with the government, the difference between conspiracy, for which the government specifically stated it did not indict Lombardi in Count 3, and aiding and abetting would cease to exist.  Thus, for Lombardi's conviction for violating 18 U.S.C. § 861 to stand, he must have aided and abetted each material element of the alleged offense in Count 3.  See, United States v. Williams, 985 F.2d 749, 753 (5th Cir. 1993) (holding that to be guilty of aiding and abetting possession of drugs with intent to distribute, the defendant must have aided both the possession and the intent to distribute).

This Circuit has not discussed aiding and abetting liability when a defendant assists in a broader scheme which encompasses the charged offense; therefore, we look to our sister circuits for guidance.  In doing so, we find the Second Circuit's reasoning in United States v. Medina, 32 F.3d 40 (2nd Cir. 1994) helpful.  There, Medina devised a plan to rob his former employer and recruited another, Lopez, to carry out the plan.  Lopez, in turn, recruited two other confederates.  The day the robbery was to occur, Medina asked Lopez whether he had a gun.  Lopez replied that

5

one of the confederates did. Medina provided Lopez with another gun and instructed him on how to use it. The defendants were arrested before they could carry out the robbery. No one had the gun Medina gave Lopez. Id. at 42-3. Medina was convicted of aiding and abetting the use or carrying of a firearm. He appealed arguing insufficient evidence. The Second Circuit held that while there was evidence showing that Medina continued to participate in the overall robbery enterprise, there was insufficient evidence to support his conviction for aiding and abetting the firearm offense. Medina must have aided and abetted the specific crime and not just the overall scheme. Id. at 45. We find a similar situation here.

There is enough evidence to convict Lombardi of aiding and abetting the overall drug trafficking scheme, but that evidence is not sufficient to uphold the 21 U.S.C. § 861 violation. The government argues that we should affirm the conviction because Lombardi and Benavides engaged in direct contact with each other during the negotiation process, because the juvenile and Benavides lived at the same address, and because the juvenile had baby powder on his clothes. It argues that this evidence shows that Benavides employed, used, or hired Rubacaldo, Jr. to engage in the drug trafficking offense. Lombardi, then, is liable as an aider and abettor for the acts of his accomplices.

We reject this argument. The government seems to be confusing aiding and abetting with conspiracy. It is not enough for Lombardi's accomplices to use, hire, or employ Rubacaldo. This Circuit requires that the aider and abettor seek by action to make

6

the venture succeed.  United States v. Medina, 887 F.2d 528, 532 (5th Cir. 1989).  Therefore, Lombardi must have acted in seeking to hire, use, or employ Rubacaldo.  There is no evidence in the record that Lombardi ever had any contact with Rubacaldo.  No DEA agent ever saw Lombardi in the same company with Rubacaldo.  In fact, the government even argued in its closing that a good trafficker does not "want to meet and greet and know the ones at the bottom of the organization because then there is too much exposure."  We conclude, therefore, that the evidence is insufficient to support Lombardi's conviction for count three.

**B. SENTENCING**

### 1. Lombardi's Sentence for an Aggravating Role

Because Lombardi's sentence under U.S.S.G. § 3B1.1 was affected by his conviction on count three, we remand this case to the district court for resentencing consistent with this opinion.

### 2. Lombardi's Base Offense Level

Lombardi's final complaint is that the district court erred in calculating the amount of marijuana attributed to Lombardi for purposed of determining his base offense level within the Sentencing Guidelines.  Lombardi's presentence investigation report held him responsible for 2,000 pounds of marijuana, which resulted in a base offense level of 31 under U.S.S.G. § 2D1.2(a)(2).  Application Note 12 of U.S.S.G. § 2D1.2(a)(2) permits a court to use the negotiated quantity of drugs in determining base offense level unless the defendant was not reasonably capable of producing the amount.  Lombardi objected arguing that the drug transaction

7

involved only 877 pounds of marijuana. The district court overruled Lombardi's objection stating that it was just a matter of time before Lombardi would have come up with the remaining 1,123 pounds.

It is well-established law in this Circuit that, generally, the burden of proof at sentencing is a preponderance of the evidence. United States v. Mergerson, 4 F.3d 337, 343 (5th Cir. 1993). The clearly erroneous standard of review protects the district court's determination of the amount of drugs involved in an offense. Id. at 345.

Lombardi argues that the evidence at trial showed that the conspirators were not capable of providing the 2,000 pounds for which he was held accountable. He points out that he had to ask Benavides when he could provide the remaining amount. Moreover, Lombardi argues that he was not reasonably capable of producing the 2,000 pounds. The amount of 2,000 pounds was one that Agent DeSantis had determined to buy even before he met with Lombardi. Thus, the base offense level for the 2,000 pounds was clearly erroneous.

We disagree. The evidence supports the trial court's determination. While Agent DeSantis may have decided to buy 2,000 pounds of marijuana, Lombardi agreed to the amount. In fact while Lombardi and DeSantis were negotiating for the drugs, Lombardi repeatedly reassured Agent DeSantis that he could deliver the 2,000 pounds within ten days. Moreover, there was testimony involving drug ledgers and documents reflecting additional pounds of marijuana that Lombardi's other conspirators moved; therefore, it

8

was not clearly erroneous for the judge to assign a base offense level using the 2,000 pounds.

## CONCLUSION

For the foregoing we reasons, we AFFIRM the base offense level used in the sentence, and we REVERSE the conviction on Count Three, VACATE Appellant's sentence and REMAND for resentencing.