IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-30165
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                              Plaintiff-Appellee,

versus

VICTOR L. MELBERT,

                                              Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 97-CR-20007-7
- - - - - - - - - -

June 3, 1999

Before KING, Chief Judge, STEWART and PARKER, Circuit Judges.

PER CURIAM:[*]

Victor L. Melbert appeals his conviction and sentence for conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. § 846, and three counts of distributing cocaine base, in violation of 21 U.S.C. § 841(a)(1). On appeal Melbert argues that the district court erred because it (1) denied his request to exclude two prospective jurors for cause; (2) based his sentence on information about cocaine sales that lacked sufficient indicia of reliability; and (3) based his

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentence on crack cocaine rather than powder cocaine.

Melbert did not object to the district court's denial of his motion to exclude prospective jurors for cause. Consequently, we review for plain error. *See United States v. Calverley*, 37 F.3d 160, 162-64 (5th Cir. 1994). The challenged jurors indicated that they understood the rules of law as described by the court and that they could be impartial in rendering a verdict. Melbert used his peremptory strikes to exclude both of the challenged jurors. Melbert has failed to demonstrate that the prospective jurors' views would substantially impair their sworn duties as jurors. *See Wainwright v. Witt*, 469 U.S. 412, 423 (1985). Consequently, the district court did not commit any error when it denied Melbert's challenge.

Melbert next argues that the district court improperly relied on ten cocaine sales, allegedly made by Melbert to James Brunson, when it calculated his sentence. Information about the sales was included in the presentence report (PSR). The district court found that the information bore sufficient indicia of reliability. *See* U.S.S.G. § 6A1.3(a) (the sentencing court may consider any relevant information, without regard to its admissibility, as long as the court concludes that it has sufficient indicia of reliability)*; see also United States v. Alfaro*, 919 F.2d 962, 966 (5th Cir. 1990) (holding that a PSR generally bears sufficient indicia of reliability).

At the sentencing hearing, the probation officer provided an explanation of how the information in the PSR was corroborated. *See United States v. Narviz-Guerra*, 148 F.3d 530,

537 (5th Cir. 1998). The information regarding Melbert's cocaine sales to Brunson is not "mere allegation" or "bald conclusionary statements" as argued by Melbert. As a result, the district court did not err in finding that the information in the PSR contained sufficient indicia of reliability.

Finally, Melbert contends that the Government failed to prove by a preponderance of evidence that the substance he was distributing was crack cocaine rather than some other form of cocaine. *See United States v. Lombardi*, 138 F.3d 559, 562 (5th Cir. 1998) (holding that the burden of proof at sentencing is a preponderance of the evidence). As this issue was not raised before the district court, it is reviewed for plain error. *United States v. Brewster*, 137 F.3d 853, 856 (5th Cir.), *cert. denied*, 119 S. Ct. 247 (1998).

There is ample evidence indicating that the substance was crack cocaine, including testimony of seven witnesses who all specified that Melbert sold them crack cocaine. Moreover, Melbert has not produced any evidence indicating that the substance was something other than crack cocaine. The court did not err in its factual conclusion that the substance distributed by Melbert was crack cocaine rather than some other form of cocaine. *See United States v. Chavez*, 947 F.2d 742, 746 (5th Cir. 1991). Accordingly, Melbert's conviction and sentence are AFFIRMED.