**UNITED STATES of America**

v.

**Darrell Antonio GUMBS, Lucien Antonio Roberts, Defendants.**

**No. 4:99CR00021.**

United States District Court, E.D. Virginia, Newport News Division.

Dec. 14, 1999.

Laura M. Everhart, Assistant U.S. Attorney, William D. Muhr, Special Assistant U.S. Attorney, United States Attorney's Office, Norfolk, VA, for U.S.

Joseph M. Durant, Cumming, Hatchett and Jordan, Newport News, VA, for Gumbs.

James O. Broccoletti, Zoby & Broccoletti, Norfolk, VA, for Roberts.

### MEMORANDUM ORDER

REBECCA BEACH SMITH, District Judge.

This matter comes before the court for the resolution of objections to paragraph

---

60 of the defendants' presentence investigation reports. Paragraph 60 describes the acquisition of three kilograms of cocaine in furtherance of the charged conspiracy, and attributes this quantity to defendant Roberts but not to defendant Gumbs. The United States objects to the failure to attribute these three kilograms to defendant Gumbs, and defendant Roberts objects to the inclusion of these same three kilograms in the calculation of drug quantities for his sentence. For the reasons set forth below, the **United States'** objection is **OVERRULED** and defendant **Roberts'** objection is **SUSTAINED**.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendants were convicted on July 9, 1999, of Conspiracy to Distribute and Possess with Intent to Distribute Cocaine and Cocaine Base, in violation of 21 U.S.C. § 846; Conspiracy to Import Cocaine in violation of 21 U.S.C. § 963; and Possession with Intent to Distribute Cocaine and Cocaine Base, in violation of 21 U.S.C. 841(a)(1). As described in paragraphs 59 and 60 of the presentence investigation reports, and as set forth in the testimony of unindicted co-conspirator, Ronald Eudailey,[1] the defendants, in furtherance of the charged conspiracies, participated in arranging for two unindicted co-conspirators to transport $14,538 in United States currency from Miami, Florida, to Curacao via Puerto Rico, for the purpose of obtaining three kilograms of cocaine.

On June 4, 1997, as set forth in paragraph 59, the co-conspirators first attempted to complete this transaction. However, during a United States Customs search at the San Juan, Puerto Rico airport, the money that was to be used to purchase the cocaine was detected by a customs agent, taped to the legs of one of the unindicted co-conspirators. The money was seized and confiscated. Consequently, the co-conspirators returned to Florida without the three kilograms. Three to four days later, the same couriers attempted a second time to acquire the three kilograms from Curacao as previously planned. As described in paragraph 60 of the presentence investigation reports, the second attempt was successful, and three kilograms of cocaine were brought back to the United States by the unindicted co-conspirators.

Both defendants have been attributed with three kilograms of cocaine in paragraph 59 of their respective presentence investigation reports based upon the first, negotiated but failed, attempt to acquire the three kilograms from a source in Curacao. Defendant Roberts has been attributed with an additional three kilograms in paragraph 60 for the completed transaction that took place three or four days later. Roberts objects to the inclusion of these three kilograms, as he argues that they were part of one continuous transaction and their inclusion would, therefore, amount to double counting of drug quantities. The United States objects to the exclusion of these three kilograms from paragraph 60 of defendant Gumbs' presentence report and maintains that the transactions described in paragraphs 59 and 60 are two separate and distinct transactions, both of which were reasonably foreseeable to both defendants Roberts and Gumbs.[2]

## ANALYSIS

■ With regard to the activity that a court may consider when setting a defendant's sentence, United States Sentencing Guideline § 1B1.3 directs a sentencing court to take into account all relevant conduct, which in the case of jointly undertaken criminal activity includes all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity. The offense level of a defen-

---

1. For Mr. Eudailey's complete testimony regarding the events described in paragraphs 59 and 60 of the presentence investigation reports, see Transcript of Trial Testimony at 479–502.

2. A separate presentence investigation report was prepared for each defendant. However, paragraphs 59 and 60 were the same in both Gumbs' and Roberts' reports.

dant convicted of a narcotics offense is ordinarily governed by the amount of narcotics involved, including quantities negotiated but not ultimately consummated. *See* U.S.S.G. § 2D1.1(a)(3), (c), and comment n. 12; *United States v. Lombardi,* 138 F.3d 559, 562 (5th Cir.1998); *United States v. Desimone,* 119 F.3d 217, 228 (2d Cir.1997); *United States v. Stavig,* 80 F.3d 1241, 1246–47 (8th Cir.1996); *United States v. Raven,* 39 F.3d 428, 432 (3d Cir.1994); *United States v. Steward,* 16 F.3d 317, 321–22 (9th Cir.1994).

■ As the court finds that the three kilograms described in paragraphs 59 of the defendants' presentence reports was a quantity negotiated in furtherance of the conspiracy and reasonably foreseeable to both defendants, this amount is appropriately included in the calculation of defendants' sentences under the Sentencing Guidelines. The question currently before the court, however, is whether defendants may be attributed with an additional three kilograms for a second attempt to acquire the same three kilograms. The court finds that they may not.

The defendants negotiated for three kilograms of cocaine to be acquired from a source in Curacao. Three kilograms were obtained. That it may have taken two attempts and twice as much money to acquire the drugs does not persuade the court that the defendants may be held accountable twice for the same drug amount. Only a few days passed between the frustration of the first attempt to acquire the cocaine and the initiation of the second attempt. No new negotiations were undertaken. The couriers simply returned to Florida for a few days to acquire more funds before embarking on the same mission a second time. The price that the defendants ultimately paid for the quantity of drugs attained is immaterial; the question before the court is the quantity of drugs with which the defendants may be attributed, not the amount of money expended. Based on the facts of the instant case, it is clear that the quantity negotiated and the quantity ultimately obtained was the same three kilograms. Had the first trip been successful, the second trip would never have been made. Accordingly, the court finds that to count that same quantity twice would amount to impermissible double counting of drug amounts. Paragraphs 59 and 60 of the defendants' presentence reports shall, therefore, attribute the defendants with a total weight of three kilograms of cocaine for the transactions described therein.

### CONCLUSION

For the reasons set forth above, the **United States'** objection to exclusion of a second three kilograms in paragraph 60 of defendant Gumbs' presentence report is **OVERRULED** and defendant **Roberts'** objection to the inclusion of a second three kilograms in paragraph 60 of his report is **SUSTAINED.**

The Clerk is **DIRECTED** to send a copy of this Memorandum Order to counsel for the defendants and the United States Attorney.

IT IS SO **ORDERED.**