IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-30809
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LYNN T. CRAWFORD,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 96-CR-50023-1
--------------------
December 20, 1999

Before SMITH, BARKSDALE, and PARKER, Circuit Judges.

PER CURIAM:[*]

Convicted for assault on a federal officer with a deadly weapon and of using a firearm during a crime of violence Lynn T. Crawford contends, pro se, that the evidence is insufficient to support his convictions, that the district court abused its discretion by failing to give his proposed self-defense jury instruction, that the jury instructions concerning reasonable doubt, deliberate ignorance, assault, and intent were erroneous, that he was subjected to prosecutorial misconduct, and that the district court failed to adequately preserve the record.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Crawford's argument that the evidence is insufficient to support his convictions is without merit. The evidence was sufficient for a jury to find beyond a reasonable doubt that Crawford was guilty of both assault on a federal officer and of using a firearm during a crime of violence.

Crawford has not shown that the district court abused its discretion by failing to give his proposed self-defense jury instruction. The self-defense charge substantially covered the instruction that Crawford requested. See United States v. Neal, 951 F.2d 630, 633 (5th Cir. 1992).

Crawford has not shown that the district court plainly erred by giving its jury instruction on reasonable doubt. The reasonable doubt instruction used in Crawford's case has been approved by this court. See United States v. Alonzo, 681 F.2d 997, 1002 (5th Cir. 1982).

Crawford's argument that the district court plainly erred by omitting any instruction regarding mens rea is without merit. Examination of the jury instructions reveals that intent was listed as an essential element of the first count and that "knowingly" was defined due to its use in many of the other instructions. The court used the 1990 Fifth Circuit Pattern Jury Instructions for the definitions of "forcible assault," "knowingly," and "willfully." See Fifth Circuit Pattern Jury Instructions (Criminal), 1.35, 1.36, 2.09 (1990). The instructions were not so confusing as to constitute plain error.

The district court also did not plainly err in failing to instruct the jury regarding simple assault. Although the offense

of simple assault is a lesser-included offense of assault of a federal officer with a dangerous weapon, Crawford has not shown that the evidence adduced at trial would permit a rational jury to find him guilty of the lesser offense and to acquit him of the greater offense. See United States v. Estrada-Fernandez, 150 F.3d 491, 494 (5th Cir. 1998).

Crawford has not shown that the district court abused its discretion by giving a deliberate ignorance instruction. The evidence was sufficient to justify the court's decision to instruct the jury on that issue. See United States v. Hull, 160 F.3d 265, 271 (5th Cir.), cert. denied, 119 S. Ct. 1091, and cert. denied, 119 S. Ct. 1791 (1999).

Crawford has not shown that he was subjected to prosecutorial misconduct because the prosecutor made prejudicial remarks during his opening statement, closing argument, and rebuttal argument.[2] Counsel is accorded wide latitude during opening and closing argument. See United States v. Palmer, 37 F.3d 1080, 1085 (5th Cir. 1995). Although Crawford lists numerous instances of alleged error, he has not shown that the prosecutor's comments were improper or that they affected his substantial rights. See United States v. Munoz, 150 F.3d 401, 414 (5th Cir. 1998). He has not shown plain error.

Nor has Crawford shown that the prosecutor knowingly used perjured testimony to obtain his conviction. Crawford has not

---

[2] As Crawford failed to object to most of the prosecutor's comments, this court will reverse his conviction as to those alleged errors only if the prosecutor's conduct amounts to plain error. See United States v. Wicker, 933 F.2d 284, 292 (5th Cir. 1991).

demonstrated that the testimony was false or that the prosecutor knew that it was false. See United States v. Blackburn, 9 F.3d 353, 357 (5th Cir. 1993).

As Crawford has not shown any individual instance of prosecutorial misconduct, his argument that the cumulative effect of all of the prosecutor's comments denied his right to a fair trial is without merit.

Crawford has not shown that the district court failed to adequately preserve a record of the proceedings relating to the jury foreman's request for transcripts, a hearing held regarding the judge's response to the jury foreman's request about the legal definition of assault, and the denial of his Rule 29 motion. These transcripts are already included in the record or do not exist.

Crawford has not shown error on the part of the district court; his convictions are AFFIRMED. The Government's motion to strike the portions of Crawford's appellate brief which refer to the transcript of Agent Miller's grand jury testimony and which refer to an affidavit prepared by Bonnie Crawford concerning a telephone conversation she had with the foreman of Crawford's jury is GRANTED. Material that was not presented in district court and is not a part of the record on appeal is not considered. See Fed. R. App. P. 10(a). Crawford's motion to file his brief in its present form, including his request for transcripts, is DENIED. Crawford has not shown that the transcripts are necessary to the adjudication of his appeal. See Harvey v. Andrist, 754 F.2d 569, 571 (5th Cir. 1985).