IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-41374
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MIKE TORRES,

Defendant-Appellant,

_____

Appeal from the United States District Court for the
Southern District of Texas
USDC No. L-98-CR-830-1

_____

October 26, 2000

Before JOLLY, DAVIS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Mike Torres appeals his conviction after a jury trial of possession with intent to distribute marihuana. He argues that the evidence was insufficient to support his conviction. In particular, he contends that the evidence did not establish that he knew of the marihuana hidden in the tires of the pickup truck he was driving.

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We review the sufficiency of evidence to support a conviction to determine whether any rational trier of fact could have found that the evidence established guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318 (1979).  It is the sole province of the jury to determine the weight and credibility of the evidence.  United States v. Casilla, 20 F.3d 600, 602 (5th Cir. 1994).  "It is not necessary that the evidence exclude every reasonable hypothesis of innocence.  But, there must be substantial evidence to uphold the verdict of the jury."  United States v. Espinoza-Seanez, 862 F.2d 526, 536 (5th Cir. 1988) (citations omitted).  The evidence must be construed in the light most favorable to the prosecution.  United States v. Lombardi, 138 F.3d 559, 560 (5th Cir. 1998).

Considering the totality of the circumstances, we find that the evidence was sufficient to support a reasonable juror's finding of guilt beyond a reasonable doubt.  See United States v. Resio-Trejo, 45 F.3d 907 (5th Cir. 1995); United States v. Olivier-Becerril, 861 F.2d 424 (5th Cir. 1988).

JUDGMENT AFFIRMED.