**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**April 2, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-20643
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES A. PERRY,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CR-425-1
--------------------

Before JOLLY, HIGGINBOTHAM and DAVIS, Circuit Judges.

PER CURIAM:[*]

Charles A. Perry appeals his conviction and sentence for knowingly possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Perry argues that there was insufficient evidence to prove beyond a reasonable doubt that he knowingly possessed the firearm. He also contends that the prosecutor's misrepresentation of evidence during closing statements constitutes reversible error.

We have reviewed the record and the briefs submitted by the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

parties and hold that the evidence adduced at trial was sufficient to support Perry's conviction.  See <u>United States v. Ortega Reyna</u>, 148 F.3d 540, 543 (5th Cir. 1998); <u>United States v. Lombardi</u>, 138 F.3d 559, 560 (5th Cir. 1998); <u>United States v. Mergerson</u>, 4 F.3d 337, 349 (5th Cir. 1993).  Furthermore, the district court's admonishments to the jury both prior to and during closing arguments to recall and consider only the evidence presented at trial cured any prejudicial effect resulting from the prosecutor's closing statements.  See <u>United States v. Andrews</u>, 22 F.3d 1328, 1341 (5th Cir. 1994); <u>United States v. Tomblin</u>, 46 F.3d 1369, 1390-91 (5th Cir. 1995).

AFFIRMED.