United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 5, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-51392
Summary Calendar

UNITED STATES OF AMERICA

                                    Plaintiff-Appellee,

versus

DIANA AZENETH MARTINEZ, also known as Diana Azenth Martinez,

                                    Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. DR-03-CR-102-1-AML

Before REAVLEY, HIGGINBOTHAM and DAVIS, Circuit Judges.

PER CURIAM:[*]

    Diana Azeneth Martinez appeals from her conviction of possession with intent to distribute marijuana and importation of marijuana. It is undisputed that Martinez drove a pickup truck into the United States from Mexico and that the authorities discovered marijuana in a hidden compartment underneath the truck bed.

    Martinez contends that the evidence was insufficient to support her conviction because the Government failed to prove that

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

she knew about the illicit cargo in the truck's hidden compartment. The jury could have inferred from testimony about Martinez's demeanor during her initial questioning and from her changing accounts of events that she had knowledge of the contraband secreted in the hidden compartment.[1] Martinez's challenge to the sufficiency of the evidence is unavailing.

Martinez also contends that the district court erred by failing to give her proposed instruction regarding evidence of nervousness. We review the refusal to give a defense-tendered instruction for abuse of discretion.[2] A district court may refuse "to give a requested instruction which incorrectly states the law, is without foundation in the evidence, or is stated elsewhere in the instructions."[3] "A court commits reversible error where (1) the requested instruction is substantially correct; (2) the requested issue is not substantially covered in the charge; and (3) the instruction concerns an important point in the trial so that the failure to give it seriously impaired the defendant's ability to effectively present a given defense."[4] Martinez has not demonstrated that the district court erred.

AFFIRMED.

---

[1] *See United States v. Pennington*, 20 F.3d 593, 598 (5th Cir. 1994).

[2] *United States v. John*, 309 F.3d 298, 304 (5th Cir. 2002).

[3] *United States v. Tannehill*, 49 F.3d 1049, 1057 (5th Cir. 1995) (quoting *United States v. Neal*, 951 F.2d 630, 633 (5th Cir. 1992)).

[4] *John*, 309 F.3d at 304 (internal quotation marks and citation omitted).