United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 6, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-41453
Summary Calendar

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

ALFREDO LOZANO-MIRELES,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
No. 5:03-CR-452-2
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

     Alfredo Lozano-Mireles appeals his conviction of and sentence
for conspiracy to possess with intent to distribute in excess of
100 kilograms of marihuana and possession with intent to distribute
in excess of 100 kilograms of marihuana.  He argues that the evi-
dence is insufficient to support his conviction because it does not
establish that he participated in a conspiracy or that he possessed

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

any marihuana.  He also contends that he should have received an adjustment for playing a minimal or minor role in the offense.

Because Lozano-Mireles did not move for judgment of acquittal on the basis that the evidence was insufficient to establish the existence of a conspiracy, we review this issue only to determine whether the record is "devoid of evidence pointing to guilt."  See United States v. Herrera, 313 F.3d 882, 884-85 (5th Cir. 2002) (en banc) (internal quotation and citation omitted).  Evidence was presented at trial that Lozano-Mireles was arrested after U.S. Border Patrol agents observed two scouts and eight men carrying backpacks crossing through a fence in an area known for drug trafficking outside Laredo, Texas, and near the Mexican border.  A sensor along a known drug smuggling trail had previously been activated.  Once the agents announced their presence, the men carrying backpacks dropped them to the ground, and all but one attempted to flee.

The one who did not flee instead dropped to the ground and was found by the agents within a matter of seconds.  He was identified as Lozano-Mireles.  Although Lozano-Mireles was not carrying any drugs at the time of his arrest, he was found about 50 feet away from several backpacks containing a total of 424 pounds of marihuana.  Given these facts, the record is not devoid of evidence pointing to Lozano-Mireles's guilt on the conspiracy count.

Lozano-Mireles preserved his sufficiency argument regarding the element of possession by raising it in the district court.  Accordingly, we review it to determine whether any rational trier of

fact could have found that the evidence established guilt beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 318 (1979). The evidence must be examined as a whole and construed in the light most favorable to the prosecution. United States v. Lombardi, 138 F.3d 559, 560 (5th Cir. 1998). To establish possession with intent to distribute marihuana, the government was required to prove that Lozano-Mireles (1) knowingly (2) possessed marihuana (3) with the intent to distribute it. See United States v. Diaz-Carreon, 915 F.2d 951, 953 (5th Cir. 1990).

The evidence presented at trial was sufficient to show that Lozano-Mireles knowingly possessed a backpack containing marihuana. Additionally, his intent to distribute may be inferred from the quantity of drugs involved. See United States v. Casilla, 20 F.3d 600, 603 (5th Cir. 1994). Because a rational trier of fact could have found that the evidence established Lozano-Mireles's guilt of possession with intent to distribute marihuana beyond a reasonable doubt, his conviction is affirmed. See Jackson, 443 U.S. at 318.

Lozano-Mireles also contends that, assuming arguendo that he was involved in the offense, he was only a "mule" used to transport a bag across the border, so the district court should have given him a downward sentencing adjustment under U.S.S.G. § 3B1.2 based on his role in the offense. Because this issue is raised for the first time on appeal, we review only for plain error. United States v. Mares, 402 F.3d 511, 520 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005).

To establish plain error, Lozano must show (1) error (2) that is plain; (3) that affects his substantial rights; and (4) that affects the fairness, integrity, or public reputation of judicial proceedings. Id. Lozano has not met this standard. See United States v. Pofahl, 990 F.2d 1456, 1485 (5th Cir. 1993); United States v. Buenrostro, 868 F.2d 135, 137-38 (5th Cir. 1989).

AFFIRMED.