# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 10, 2008

Charles R. Fulbruge III
Clerk

No. 07-11300
Conference Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ALBERT OWENS, JR

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:05-CR-112-12

Before DAVIS, WIENER, and PRADO, Circuit Judges.

PER CURIAM:[*]

Albert Owens, Jr., pleaded guilty with a written plea agreement to distribution of more than five grams of a mixture and substance containing a detectable amount of cocaine base. The agreement contained a waiver of appeal provision in which Owens waived his right to appeal his conviction and sentence with the exceptions that he could bring a challenge based on 1) a sentence exceeding the statutory maximum, 2) an arithmetic error at sentencing, 3) the voluntariness of his guilty plea or the waiver, and 4) a claim of ineffective

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

assistance of counsel. The district court sentenced Owens to 130 months in prison.

Owens argues that the factual basis supporting his plea is insufficient to establish the elements of the crime. Because Owens did not challenge the sufficiency of the factual basis in the district court, review is for plain error. See United States v. Angeles-Mascote, 206 F.3d 529, 530 (5th Cir. 2002). Owens was charged by indictment with distribution of a mixture containing crack cocaine and with aiding and abetting. The elements of distribution are that the defendant (1) knowingly (2) distributed (3) the controlled substance. United States v. Sotelo, 97 F.3d 782, 789 (5th Cir. 1996).

Contrary to Owens's argument, aiding and abetting "is an alternative charge in every indictment, whether explicit or implicit." United States v. Neal, 951 F.2d 630, 633 (5th Cir. 1992). The elements of aiding and abetting under 18 U.S.C. § 2 are that (1) the individual associated with the criminal venture, (2) purposefully participated in the crime, and (3) sought by his actions for it to succeed. United States v. Garcia, 242 F.3d 593, 596 (5th Cir. 2001). The factual resume supporting Owens's guilty plea shows that Owens acted as the doorman or gatekeeper for the crack house. Owens concedes that this is sufficient to show that he aided and abetted the distribution of crack cocaine. It is not disputed that Owens associated with the criminal venture and sought by his actions for the venture to succeed. See Garcia, 242 F.3d at 596. The district court did not err in accepting Owens's guilty plea.

Owens wishes to challenge his sentence based on a theory of sentencing entrapment. Owens concedes that his argument seeking to invalidate his waiver of appeal is foreclosed by circuit precedent, but he seeks to preserve the issue for review by the Supreme Court. This court reviews de novo whether a waiver provision bars an appeal. United States v. Baymon, 312 F.3d 725, 727 (5th Cir. 2002). Owens and his counsel signed the plea agreement, which contained the appeal waiver barring an appeal of his conviction and sentence. During the

rearraignment proceeding, the district court advised Owens that in the plea agreement, he was in effect giving up his right to appeal or otherwise challenge his conviction or sentence except for the reasons set forth in the waiver, and Owens stated that he understood. Owens's appeal waiver is valid and will be enforced. See United States v. Melancon, 972 F.2d 566, 567-68 (5th Cir. 1992). The issue of sentencing entrapment is barred from review by the waiver.

AFFIRMED.