**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 30, 2009

Charles R. Fulbruge III
Clerk

No. 08-50743
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE ARMIN CASTILLO-MORALES, also known as Luis Sosa Morales,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:07-CR-25-5

Before JONES, Chief Judge, and WIENER and PRADO, Circuit Judges.

PER CURIAM:[*]

Jose Armin Castillo-Morales was convicted by a jury of conspiracy to possess with intent to distribute marijuana and was sentenced to 72 months imprisonment and three years of supervised release. Castillo-Morales argues that he was unfairly surprised by the inclusion of an aiding and abetting jury instruction because his indictment did not charge him with aiding and abetting under 18 U.S.C. § 2. He contends that the Government failed to give him notice

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of an aiding and abetting charge but presented an aiding and abetting case, which he did not appreciate until too late at the jury charge conference. He argues that this unfair notice affected his ability to prepare his defense.

Although the indictment did not specifically charge aiding and abetting expressly or by reference to 18 U.S.C. § 2, "[a]iding and abetting is not a separate offense, but it is an alternative charge in every indictment, whether explicit or implicit." *United States v. Neal*, 951 F.2d 630, 633 (5th Cir. 1992). "Absent a showing of unfair surprise, it is not an abuse of discretion to give an aiding and abetting instruction." *Id.*

Castillo-Morales has not made a showing of unfair surprise. The indictment did not foreclose the possibility of conviction as an aider and abettor. The evidence provided by Castillo-Morales in his own testimony that he carried a backpack with food and water for the group was sufficient to prove that he acted as an aider and abettor. Castillo-Morales should have anticipated that the Government would request an instruction on aiding and abetting. *See United States v. Botello*, 991 F.2d 189, 192 (5th Cir. 1993) (rejecting claim of unfair surprise because indictment did not foreclose possibility of conviction as aider and abettor and evidence supported aiding and abetting conviction). Castillo-Morales admits in his brief that it is "undisputed that the evidence supports a charge on aiding and abetting based on the Government's cross-examination of Castillo-Morales." Castillo-Morales cannot claim unfair surprise when it was his own testimony that prompted the Government to request the aiding and abetting instruction. The district court did not abuse its discretion. *Neal*, 951 F.2d at 633.

AFFIRMED.