# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 21, 2011

No. 10-50445
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MICHAEL DION ACREY,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:09-CR-113-3

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Michael Dion Acrey appeals his conviction of conspiracy to possess with the intent to distribute a controlled substance, crack cocaine, and of using a juvenile to commit a drug offense. After the jury found Acrey guilty of these two offenses, the district court sentenced Acrey to concurrent 135-month terms of imprisonment, five and eight year concurrent terms of supervised release, and a $200 special assessment.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Acrey argues that the evidence was insufficient to support either of his convictions.  He contends that the evidence gave nearly equal circumstantial support to a theory of innocence and, that to reach his convictions, the jury unduly piled inference upon inference.

The jury was free to infer the existence of a conspiracy based on the testimony it heard from Natesha Ennis that the sale to Acrey was a consignment sale; to conclude that the purchases about which they heard testimony were for distribution based on the total amount of crack involved, the expert's testimony regarding distribution quantities, and the testimony that Acrey purchased a large quantity of crack twice in only two days; and to credit the consistent testimony of the juvenile and Ennis over that of Acrey.  *See United States v. Garcia*, 567 F.3d 721, 732 (5th Cir.), *cert. denied*, 130 S. Ct. 303 (2009); *United States v. Mata*, 491 F.3d 237, 242 (5th Cir. 2007); *United States v. Posada-Rios*, 158 F.3d 832, 860 (5th Cir. 1998).  There was also ample evidence presented to the jury, through the testimony of the juvenile himself, that Acrey hired, used, or employed a juvenile to violate a federal narcotics law.  *See United States v. Lombardi*, 138 F.3d 559, 562 (5th Cir. 1998).  Because any reasonable trier of fact could conclude from the evidence presented at Acrey's trial that the elements of the offenses were established beyond a reasonable doubt, we uphold the jury's verdict.  *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *United States v. Mendoza*, 226 F.3d 340, 343 (5th Cir. 2000).

Acrey also argues that the district court erred when it allowed the introduction of evidence of Acrey's prior drug activity.  Acrey concedes that the evidence he challenges was relevant to his intent.  *See United States v. Thomas*, 348 F.3d 78, 86 (5th Cir. 2003).  However, he argues that the admission of this evidence was an abuse of discretion because it was more prejudicial than probative.

"We consistently have held that evidence of a defendant's prior conviction for a similar crime is more probative than prejudicial and that any prejudicial

effect may be minimized by a proper jury instruction." *United States v. Taylor*, 210 F.3d 311, 318 (5th Cir. 2000). This is equally true of uncharged drug activity. *See United States v. Harris*, 932 F.2d 1529, 1534 (5th Cir. 1991); *United States v. Beechum*, 582 F.2d 898, 914 n.17, 915 n.20, (5th Cir. 1978) (en banc). Further, the district court instructed the jury of the limited purposes for which the evidence was admitted. Acrey has not demonstrated that admission of the evidence of his prior drug activity was an abuse of the district court's discretion, even under the heightened standard of review. *See United States v. Buchanan*, 70 F.3d 818, 831 (5th Cir. 1995).

Acrey last argues that the district court erroneously denied his motion to suppress the evidence based on his unlawful stop and detention. Acrey admits that his attorney "has not found any authority to argue that the stop in this case was unreasonable" and concedes that he voluntarily consented to the search of his vehicle. Rather, he contends merely that since he preserved this point of error in the district court, it was included in his brief. However, because Acrey has pointed to no error with respect to the district court's ruling on his motion to suppress, it is the same as if he had not appealed this issue, and the issue is considered abandoned. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

The judgment of the district court is AFFIRMED.