# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10686
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 3, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BRIAN EUGENE PERRYMAN, also known as Brian Eugene Pearlman,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:09-CR-115-9

Before DAVIS, JONES, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Brian Eugene Perryman appeals from the district court's order denying his motion to correct his judgment pursuant to Rule 36 of the Federal Rules of Criminal Procedure. Perryman sought to have references to aiding and abetting removed from his judgment and sentence after the parties struck through references to aiding and abetting in the plea agreement and written factual basis.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-10686

"Aiding and abetting is not a separate offense, but it is an alternative charge in every indictment, whether explicit or implicit." *United States v. Neal*, 951 F.2d 630, 633 (5th Cir. 1992).  The factual basis for Perryman's plea indicated that he and Thomas L. Gerry assisted each other in investing and laundering drug proceeds, and the factual basis also alleged that the offense of investing drug profits was committed, that Perryman associated with the criminal venture, participated in the venture, and sought to make the venture successful.  The factual basis thus indicated that Perryman was guilty under an aiding-and-abetting theory.  *See United States v. Moore*, 708 F.3d 639, 649 (5th Cir. 2013) (setting out elements of aiding and abetting).

Because aiding and abetting is an alternative charge in every indictment and because the factual basis indicates that Perryman's guilt was based at least in part on an aiding-and-abetting theory of liability, the inclusion of the reference to aiding and abetting and the citation to 18 U.S.C. § 2 were legally appropriate.  *See Neal*, 951 F.2d at 633.

AFFIRMED.