# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-30041
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 9, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

THAXTER D. REYNOLDS, also known as T-Bone,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:15-CR-91-3

Before REAVLEY, OWEN, and COSTA, Circuit Judges.

PER CURIAM:[*]

Thaxter D. Reynolds pleaded guilty, pursuant to a plea agreement, to conspiring to distribute and possess intending to distribute cocaine, and he received a 46-month prison sentence. Though he frames the issue on appeal in part as whether the district court erred in denying his motion to dismiss, he focuses his argument exclusively on the drug quantity finding used to calculate his sentence. Because he has failed to brief the issue whether the denial of the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-30041

motion to dismiss was proper, he has abandoned it.  *See United States v. Scroggins*, 599 F.3d 433, 446-47 (5th Cir. 2010); FED. R. APP. P. 28(a)(8).

Reynolds argues that the district court erred in attributing to him seven ounces of cocaine purchased from a supplier.  Reynolds, though, did not object to the drug quantity determination at sentencing; accordingly, our review is for plain error only.  *See United States v. Rojas*, 812 F.3d 382, 413 (5th Cir. 2016), *cert. denied sub nom. Moya-Buitrago v. United States*, No. 15-9051, 2016 WL 1626557 (June 6, 2016), *and cert. denied sub nom. Cabalcante v. United States*, No. 15-9115, 2016 WL 1703469 (June 6, 2016), *and cert. denied*, No. 15-9143, 2016 WL 1722863 (June 6, 2016), *and cert. denied sub nom. Pineda v. United State*s, No. 15-9151, 2016 WL 1733448 (June 6, 2016).   Factual disputes, such as drug quantity, that the district court could have resolved upon a timely objection at sentencing can never constitute plain error.  *See United States v. Claiborne*, 676 F.3d 434, 438 (5th Cir. 2012); *United States v. Pofahl*, 990 F.2d 1456, 1479 (5th Cir. 1993).  Regardless, Reynolds admitted in the factual basis that he discussed the purchase of these drugs with the supplier "in furtherance of the conspiracy," and that he packaged previously purchased drugs for resale.  Accordingly, the finding was not erroneous.  *See* U.S.S.G. § 1B1.3(a)(1)(B) & comment. (n.3); U.S.S.G. § 2D1.1, comment. (n.5); *United States v. Hinojosa*, 749 F.3d 407, 415 (5th Cir. 2014); *United States v. Lombardi*, 138 F.3d 559, 562 (5th Cir. 1998).

AFFIRMED.