# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 6, 2022

Lyle W. Cayce
Clerk

No. 21-10623
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Brian Henry Kincade,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:20-CR-290-24

Before King, Costa, and Ho, *Circuit Judges*.

Per Curiam:*

A grand jury indicted Brian Henry Kincade on three counts of conspiring to dispense and distribute, or to possess with intent to dispense and distribute a controlled substance—specifically, hydrocodone (count 1), carisoprodol (count 2), and promethazine with codeine (count 3). It also

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-10623

indicted him on two counts of possessing with intent to distribute and dispense a controlled substance—hydrocodone (count 20) and carisoprodol (count 21)—while "aided and abetted by others." Kincade unsuccessfully moved to dismiss these latter two counts on duplicity grounds, and he was later found guilty as charged on all five counts. The district court sentenced him to 200 months of imprisonment and three years of supervised release. Kincade challenges only the district court's denial of his motion to dismiss.

We review Kincade's duplicity claim de novo. *United States v. Sharpe*, 193 F.3d 852, 866 (5th Cir. 1999). "An indictment is duplicitous if it joins in a single count two or more distinct offenses." *Id.* at 865 (internal quotation marks and citation omitted). "[O]ur task is not to review the evidence presented at trial to determine whether it would support charging several crimes rather than just one, but rather solely to assess whether the indictment itself *can be read* to charge only one violation in each count." *United States v. Mauskar*, 557 F.3d 219, 225 (5th Cir. 2009) (internal quotation and citation omitted).

Counts 20 and 21 were not duplicitous. Kincade contends that the duplicity in these counts results from the inclusion of the aiding and abetting allegation. His argument misunderstands the nature of aiding and abetting liability. "Aiding and abetting is not a separate offense, but it is an alternative charge in every indictment, whether explicit or implicit." *United States v. Neal*, 951 F.2d 630, 633 (5th Cir. 1992). Because aiding and abetting is not a separate offense, there is no duplicity problem.

The judgment is AFFIRMED.