**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 02-40076
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERNEST R. WHEELER,

Defendant-Appellant.

Appeal from the United States District Court
For the Southern District of Texas

February 19, 2003

Before HIGGINBOTHAM, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:

Ernest R. Wheeler appeals his sentence under the United States Sentencing Guidelines following his guilty plea to a single count of knowingly transporting illegal aliens within the United States in violation of 8 U.S.C. § 1324. Wheeler argues that the district court erred in failing to grant an additional one-level reduction for timely acceptance of responsibility under § 3E1.1(b) of the guidelines. He also contends that the written judgment conflicts with the district court's oral sentence.

Wheeler entered his guilty plea slightly over a month after his indictment. The presentence report recommended, and the district court granted, a two-level reduction for acceptance of responsibility under § 3E1.1(a), which brought Wheeler's offense level down from 18 to 16. The presentence report also recommended that Wheeler be denied the additional one-level reduction under § 3E1.1(b) for timely acceptance of responsibility on the grounds that the sentencing hearing was rescheduled multiple times at his request and that he was not prompt in providing the probation office with a statement of acceptance of guilt. Wheeler did not object to this recommendation until the day before the sentencing hearing and offered no explanation for his failure raise this objection earlier. The district court overruled the objection "both on [the] merits and for untimeliness." With a total offense level of 16 and a criminal history category of I, Wheeler's sentencing range was 21 to 27 months. The court sentenced Wheeler to 21 months in prison, followed by three years of supervised release during which Wheeler was required to perform community service. We affirm in part, vacate in part, and remand.

I

We first review the district court's determination that, on the merits, Wheeler was not entitled to the additional one-level reduction for timely acceptance of responsibility under § 3E1.1(b). Under § 3E1.1(a), a defendant is entitled to a two-point reduction in his offense level if he "clearly demonstrates acceptance of responsibility for his offense." A defendant is also entitled to an additional one-point reduction under § 3E1.1(b) if: (1) he meets the requirements of § 3E1.1(a); (2) his offense level is 16 or greater prior to the operation of § 3E1.1(a); and (3) he has "assisted authorities in the investigation or prosecution of his own misconduct" by either "timely providing complete information to the government concerning his own involvement in the offense" or "timely

notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently." *United States v. Leal-Mendoza*, 281 F.3d 473, 475-76 (5th Cir. 2002). When the defendant meets § 3E1.1(b)'s requirements, the sentencing court must grant the additional one-level reduction. *United States v. Tello*, 9 F.3d 1119, 1128-29 (5th Cir. 1993) ("[T]he final clause of [§ 3E1.1(b)] eschews any court discretion to deny the reduction. That imperative clause *directs* the sentencing court to 'decrease the offense level by 1 additional level,' once all the essential elements and steps and facets of the tripartite test of subparagraph (b) are found to exist." (emphasis in original)).

The Government concedes that Wheeler satisfied the requirements of § 3E1.1(b). Wheeler met the first two requirements in that he received the two-level reduction under § 3E1.1(a) and had an offense level of 16 or greater prior to that reduction. Moreover, there is no dispute that, in satisfaction of § 3E1.1(b)(2), Wheeler provided timely notice to the relevant authorities of his intention to enter a plea of guilty. In *Tello*, we held that "the timeliness required for the defendant to be entitled to the extra 1-level decrease applies specifically to the governmental efficiency to be realized in two)) but only two)) discrete areas: 1) the *prosecution's* not having to prepare for trial, and 2) the *court's* ability to manage its own calendar and docket, without taking the defendant's trial into consideration." 9 F.3d at 1125-26 (emphasis in original). In particular, we stated that "the timeliness [requirement] of [§ 3E1.1](b)(2) does *not* implicate . . . time efficiency for any other governmental function, including without limitation the length of time required for the probation office to conduct its presentence investigation. . . ." *Id*. at 1126 (emphasis in original). We therefore conclude that the district court erred in denying Wheeler the additional one-level reduction under § 3E1.1(b).

With this reduction, Wheeler's total offense level would have been 15, and his sentencing range would have been 18 to 24 months. The 21-month sentence imposed by the district court falls within this range. "[E]ven when . . . the same sentence is included in both the correct and incorrect sentencing ranges," the error is harmless only if "we are persuaded)) either by the party seeking to uphold the sentence through application of the harmless error analysis, or by our own independent review of the record)) that the district court would have imposed the same sentence absent the erroneous factor." *Tello*, 9 F.3d at 1131 (quotation marks and citations omitted). The Government makes no attempt to persuade us that the district court would have imposed the same sentence regardless of the sentencing range, and nothing in the record casts light on how the district court arrived at the 21-month sentence. Thus, we cannot conclude that this was harmless error.

We next consider the district court's determination that Wheeler's objection was untimely. Generally, we review "the sentencing court's application of the [guidelines] *de novo*, while reviewing the sentencing court's factual findings for clear error." *United States v. Gillyard*, 261 F.3d 506, 510 (5th Cir. 2001) (quoting *United States v. Fitch*, 137 F.3d 277, 281 (5th Cir. 1998)). Where the district court properly overrules an objection to the presentence report for untimeliness, however, we review the merits of the objection for plain error. *See United States v. Chung*, 261 F.3d 536, 539 (5th Cir. 2001) ("[B]ecause the district court validly exercised its discretion to ignore the objections, [defendant] is essentially raising these objections for the first time on appeal."). This is not a typical plain error case because the district court was given the opportunity to rule on the issue now before us and did so. Nevertheless, were we to review the district court's ruling on the merits only for clear error, we would not be giving effect to the court's timeliness ruling. We therefore hold that, where the district court has overruled an objection both on the merits and for untimeliness, we will review

-4-

for plain error so long as the ruling on timeliness is correct.

Under Federal Rule of Criminal Procedure 32(b)(6)(B), objections to the presentence report shall be submitted within 14 days of receipt. However, "[f]or good cause shown, the court may allow a new objection to be raised at any time before imposing sentence." FED. R. CRIM. P. 32(b)(6)(D). Here, Wheeler offered no explanation whatsoever for his failure to raise his objections until the day before his sentencing hearing, which was well beyond the prescribed 14-day period. In the absence of any showing of good cause, the district court clearly acted within its discretion in finding Wheeler's objection untimely. *See Chung*, 261 F.3d at 538-39 (holding that district court was "free to disregard" as untimely defendant's objections to the presentence report, which were filed on the day of the sentencing hearing without explanation). Consequently, we review for plain error.

To establish plain error, the appellant must demonstrate that: (1) there was an error; (2) the error was plain; and (3) the error affected his or her substantial rights. *United States v. Cotton*, 535 U.S. 625, ___, 122 S. Ct. 1781, 1785 (2002). Even when the three plain error criteria have been met, we retain the discretion to correct only those errors that "seriously affect[] the fairness, integrity, or public reputation of judicial proceedings." *Johnson v. United States*, 520 U.S. 461, 467 (1997) (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)).

As discussed above, the district court erred in denying Wheeler the additional one-level reduction. In order to affect Wheeler's substantial rights, this error must have been prejudicial) ) *i.e.*, "[i]t must have affected the outcome of the district court proceedings." *Olano*, 507 U.S. at 734. Unlike the harmless error analysis, "it is the defendant rather than the Government who bears the burden of persuasion with respect to prejudice." *Id*. Wheeler contends that the district court would have imposed a lower sentence under the correct sentencing range because 21 months is the lowest

sentence the court could impose under the range it applied but is the median sentence under the appropriate range. Plain error review, however, differs from the harmless error analysis in the additional respect that the questi on is not whether the district court *would* have chosen the same sentence absent the error, but whether it *could* have done so. *See United States v. Ravitch*, 128 F.3d 865, 869 (5th Cir. 1997) ("[W]here we have concluded that '[i]f the case were remanded the trial judge could reinstate the same sentence,' we have upheld the defendant's sentence although the district court's stated reasons . . . evidence a mistaken application of the Sentencing Guidelines." (quoting *United States v. Brunson*, 915 F.2d 942, 944 (5th Cir. 1990))).[1] Thus, when reviewing for plain error, "we will uphold a defendant's sentence if on remand the district court could reinstate the same sentence by relying on a reasonable application of the Sentencing Guidelines." *Id.* at 871. Because the sentence imposed by the district court was within the appropriate sentencing range and could be reinstated on remand, we will not correct the district court's error.

## II

Wheeler also contends that the district court's written judgment conflicts with its oral pronouncement of sentence. The record reflects, and the Government concedes, that the district court's oral sentence required that Wheeler perfo rm 120 hours of community service, while the written judgment requires 125 hours. Moreover, the district court's oral sentence required

---

[1] To the extent that, in *United States v. Cabral-Castillo*, 35 F.3d 182, 189 (5th Cir. 1994), we corrected the defendant's sentence on plain error review despite the fact that "the sentence which [the defendant] received was within the correct guideline range," that opinion conflicts with our holding in *Ravitch*. "[W]here two previous holdings or lines of precedent conflict, 'the earlier opinion controls and is the binding precedent in the circuit.'" *Billiot v. Puckett*, 135 F.3d 311, 316 (5th Cir. 1998) (quoting *Society of Separationists, Inc. v. Herman*, 939 F.2d 1207, 1211 (5th Cir. 1991)). Although *Cabral-Castillo* preceded *Ravitch*, the rule stated in *Ravitch* was derived from our earlier holding in *Brunson*. *See Ravitch*, 128 F.3d at 869, 871. Thus, *Ravitch* and *Brunson* control.

completion of these hours within the first year of supervised release, while the written judgment required completion within two years. These differences reflect an actual conflict, rather than merely an ambiguity. *See United States v. Moreci*, 283 F.3d 293, 299-300 (5th Cir. 2002) (holding that two-year difference between oral and written term of supervised release reflected a conflict, not an ambiguity). "When there is a conflict between a written sentence and an oral pronouncement, the oral pronouncement controls." *Id.* at 300. We therefore agree with the parties that this case must be remanded for the district court to amend the written judgment to conform to the oral sentence. *United States v. Martinez*, 250 F.3d 941, 942 (5th Cir. 2001).

III

For the foregoing reasons, we AFFIRM in part, VACATE in part, and REMAND for amendment of the written judgment consistent with this opinion.