United States Court of Appeals
Fifth Circuit

**F I L E D**

June 22, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-20937
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERTO GARZA,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-03-CR-94-2
---------------------

Before BARKSDALE, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Roberto Garza pleaded guilty to an indictment charging him with possession of five or more kilograms of cocaine with intent to distribute. Garza contends that he should have been sentenced on the basis of the drugs he actually possessed and not the quantity of drugs under negotiation. On similar facts, this court held in United States v. Lombardi, 138 F.3d 559, 562 (5th Cir. 1998), that the district court had not clearly erred in holding the defendant responsible for the entire quantity of

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

drugs agreed upon by the parties. See U.S.S.G. § 2D1.1, comment. (n.12).

Garza contends that, in applying commentary note 12, the district court erred by imposing on him the burden of showing that he did not intend or was not reasonably capable of providing the agreed-upon quantity. Garza urges the court to adopt the rule in United States v. Hazut, 140 F.3d 187, 192 (2d Cir. 1998), that, while the defendant must come forward with some evidence that establishes his lack of intent or capability, the ultimate burden of proof remains with the Government. Because it was not raised below, we review this issue for plain error. See United States v. Wheeler, 322 F.3d 823, 827 (5th Cir. 2003).

The district court did not base its ruling on the failure of Garza to meet his burden of proof. Instead, it found that the evidence showed that Garza intended to complete the transaction and was reasonably capable of doing so. Under the rule that Garza urges the court to apply, there was no error, as Garza did not present evidence showing his lack of intent or capability. Although it is possible, as Garza suggests, that Garza had a change of heart and attempted to flee after failing to complete the transaction, that fact does not vitiate his earlier intent to sell the entire quantity of drugs under negotiation. Moreover, Garza's substantial rights were not affected because the district court could have imposed the same sentence under Garza's theory of the case. See id. at 828. The judgment is

AFFIRMED.