United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 12, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-41047
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

versus

DAVID ECHAVARRIA,

                                    Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-272-1
---------------------

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     David Echavarria appeals his guilty-plea conviction of

possession with intent to distribute more than 100 kilograms

(approximately 226 kilograms) of marijuana.  Echavarria argues

that the district court misapplied the Sentencing Guidelines by

assigning one criminal history point to his Nebraska state

misdemeanor conviction for flight to avoid arrest.  He argues for

the first time on appeal that this conviction should not have

earned any criminal history points because, under Nebraska law,

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

flight to avoid arrest is similar to resisting arrest under U.S.S.G. § 4A1.2(c)(1). He further argues that this error affected his substantial rights and requires a remand for resentencing.

As Echavarria concedes, review is for plain error. To establish plain error, Echavarria must demonstrate an obvious legal error that affects his substantial rights. See United States v. Calverley, 37 F.3d 160, 164 (5th Cir. 1994) (en banc). "[I]n order for plain error to affect substantial rights, the error must have been prejudicial: It must have affected the outcome of the district court proceedings." United States v. Leonard, 157 F.3d 343, 346 (5th Cir. 1998) (internal quotation marks and citation omitted).

In the context of a sentencing issue reviewed for plain error, we have held that "if the trial judge, on remand, could reinstate the same sentence, it will uphold the sentence imposed despite the trial court's error." Id.; see also United States v. Wheeler, 322 F.3d 823, 828 (5th Cir. 2003) (under plain-error review, "the question is not whether the district court would have chosen the same sentence absent the error, but whether it could have done so"). Here, if Echavarria's criminal history score had been nine, his criminal history category would have been IV, and the guideline range would have been 70 to 87 months. Because the district court, on remand, could reinstate the same sentence for Echavarria, any error in the district court's

guideline calculation does not warrant relief under plain-error review.  See Wheeler, 322 F.3d at 828; see also Leonard, 157 F.3d at 346.

Echavarria also argues that under Apprendi v. New Jersey, 530 U.S. 466 (2000), the provisions of 21 U.S.C. § 841(a) and (b) are facially unconstitutional.  As Echavarria concedes, we have rejected the argument that Apprendi rendered 21 U.S.C. § 841's sentencing provisions facially unconstitutional.  See United States v. Slaughter, 238 F.3d 580, 582 (5th Cir. 2000); United States v. Fort, 248 F.3d 475, 482-83 (5th Cir. 2001).

In his supplemental brief, filed after the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005), Echavarria argues that plain error occurred in his case because he was sentenced under mandatory guidelines.  He asserts that his sentence should be vacated and the matter remanded for resentencing.

Echavarria has not established that this error affected his substantial rights.  The record does not establish that the sentencing court would have imposed a different sentence had it been proceeding under an advisory guideline scheme.  See United States v. Valenzuela-Quevedo, 407 F.3d 728, 733-34 (5th Cir. 2005).  The district court's judgment is AFFIRMED.