United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 30, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-10285
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM JAMES POGUE,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:94-CR-66-ALL-C-1
--------------------

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

William James Pogue appeals from the revocation of a term of

supervised release.  He contends that the district court

committed plain error by relying on hearsay testimony to find

that he violated a condition of supervised release by the

unauthorized use of a motor vehicle.  Pogue fails to make the

requisite showing of plain error.  See United States v.

Alaniz-Alaniz, 38 F.3d 788, 791 (5th Cir. 1994) (applying plain

error analysis where defendant failed to object to hearsay

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

evidence).  Assuming without deciding that the district court erred by relying on hearsay testimony, the district court nonetheless could have imposed the same sentence based on violations that Pogue admitted.  Pogue's claim therefore fails because he has failed to show that the district court "would have" imposed a lesser sentence but for the admission of hearsay testimony.  See United States v. Wheeler, 322 F.3d 823, 828 (5th Cir. 2003).

Pogue also contends that the district court committed plain error by failing to apply the principles of Apprendi v. New Jersey, 530 U.S. 466 (2000), and United States v. Booker, 125 S. Ct. 738 (2005), to the Government's burden of proof at the supervised-release revocation hearing.  Even after Booker, the facts necessary for revocation of supervised release need not be found "beyond a reasonable doubt," and the principles of Apprendi as expanded by Booker do not apply to revocations of supervised release.  See United States v. Hinson, __ F.3d __, No. 04-10995, 2005 WL 2687081, *2-*3 (5th Cir. Oct 21, 2005).

The judgment of the district court is AFFIRMED.