# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 23, 2008

Charles R. Fulbruge III
Clerk

No. 07-10029
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JUAN MANUEL PENA

Defendant-Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:06-CR-59-3

Before HIGGINBOTHAM, STEWART and OWEN, Circuit Judges.

PER CURIAM:[*]

Juan Manuel Pena appeals the 33-month sentence he received following his conviction for conspiracy to utter and possess counterfeit obligations of an organization and for possession of counterfeit securities, in violation of 18 U.S.C. §§ 371 and 513(a). He argues, for the first time on appeal, that the district court erred in assessing one criminal history point for his November 2004 criminal trespass conviction as well as one point for his November 2005 conviction for driving with a suspended license. To the extent

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that Pena argues that trial counsel was ineffective in failing to raise the objection at sentencing, the argument will not be reviewed on direct appeal. See United States v. Miller, 406 F.3d 323, 335-36 (5th Cir.), cert. denied, 546 U.S. 929 (2005); see also Massaro v. United States, 538 U.S. 500, 503-04 (2003).

We review Pena's argument for plain error, which requires him to show that "(1) there was an error; (2) the error was clear and obvious; and (3) the error affected the defendant's substantial rights." United States v. Villegas, 404 F.3d 355, 358 (5th Cir. 2005). The court exercises its discretion to correct such error only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. at 358-59.

As the Government concedes, the inclusion in Pena's criminal history computation of his prior misdemeanor convictions for criminal trespass and driving with a suspended license, for which he received nonprobated sentences of less than 30 days each, was clear or obvious error under U.S.S.G. § 4A1.2(c)(1). Nevertheless, the error did not affect Pena's substantial rights because the same sentence could be imposed on remand under the correctly calculated guidelines range. See United States v. Wheeler, 322 F.3d 823, 828 (5th Cir. 2003); see also United States v. Alford, 142 F.3d 825, 830 (5th Cir. 1998).

Pena's argument that his sentence must be vacated as "procedurally unreasonable" either ignores or is an attempt to circumvent plain-error review, which review survives Booker and is distinct from reasonableness review. See Booker v. United States, 543 U.S. 220, 268 (2005); United States v. Mares, 402 F.3d 511, 520 (5th Cir.), cert. denied, 546 U.S. 828 (2005). Because Pena has not met his burden of showing reversible plain error, the district court's judgment is AFFIRMED.