# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 15, 2008

Charles R. Fulbruge III
Clerk

No. 07-51347
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

RODOLFO RODRIGUEZ

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 07-51347

Before SMITH, STEWART and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Rodolfo Rodriguez appeals the sentence imposed by the district court following his guilty plea to possession with the intent to distribute cocaine within 1000 feet of a private school. Although the record contains a plea agreement in which Rodriguez waived his right to appeal his sentence, the Government has not invoked the waiver. See United States v. Acquaye, 452 F.3d 380, 381-82 (5th Cir. 2006).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Rodriguez argues that he is entitled to have his sentence vacated and his case remanded for resentencing in order to receive a two-level reduction in his offense level based on a retroactive amendment to the Guidelines that occurred days after he was sentenced. Effective November 1, 2007, the Sentencing Commission adopted Amendment 706, which modified the Guidelines ranges applicable to crack cocaine offenses in order to reduce the disparity between crack cocaine and powder cocaine sentences. See United States v. Burns, 526 F.3d 852, 861 (5th Cir. 2008). In general, the effect of Amendment 706 is to decrease by two levels the base offense levels for crack cocaine offenses. Id.

Although the record indicates that the pendency of Amendment 706 was understood by all parties, counsel never identified the pendency of the amendment as an infirmity in Rodriguez's sentence. Accordingly, we will review for plain error. See United States v. Berry, 977 F.2d 915, 918 (5th Cir. 1992). To establish plain error, the appellant must show an error that is clear or obvious and that affects his substantial rights. United States v. Baker, 538 F.3d 324, 332 (5th Cir. 2008). If the appellant makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. Id.

"A sentencing court must apply the version of the sentencing guidelines effective at the time of sentencing unless application of that version would violate the Ex Post Facto Clause of the Constitution." United States v. Rodarte-Vasquez, 488 F.3d 316, 322 (5th Cir. 2007) (quoting United States v. Kimler, 167 F.3d 889, 893 (5th Cir. 1999)). Such a violation occurs when application of the Guidelines in effect at sentencing results in a harsher penalty than would application of the Guidelines in effect when the offense was committed. Kimler, 167 F.3d at 893. The district court did not plainly err by failing to consider the effect of the then-pending amendments to the Guidelines in determining Rodriguez's offense level . Our decision does not preclude future consideration

of this issue in motion pursuant to 18 U.S.C. § 3582. See United States v. Fields, 72 F.3d 1200, 1215 (5th Cir. 1996).

Rodriguez also argues, for the first time on appeal, that the district court erred in failing to apply a "proper" conversion ratio between the powder cocaine he sold and the crack cocaine that resulted after the powder was converted into crack. He argues that the district court plainly erred in adopting an implied 1 to 1 ratio set forth in the presentence report.

On plain error review, this court will uphold the sentence if, on remand, the district court could reinstate the same sentence absent the error. United States v. Wheeler, 322 F.3d 823, 828 (5th Cir. 2003). Although he does not offer a correct ratio, Rodriguez does suggest that the "crack manufacturing process reduced the amount of crack to the next lowest Guideline level." In United States v. Booker, 334 F.3d 406, 414 (5th Cir. 2003), this court noted that a DEA chemist had put forth a "conservative and realistic" 1 to. 5 ratio. Id. at 413-14 & n.3. Application of a 1 to .5 ratio would result in Rodriguez's base offense level being reduced to the next lowest Guideline level, or a 36. With the two-level increase for obstruction of justice that is not disputed by Rodriguez, Rodriguez's potential sentencing range would have been 235 to 293 months of imprisonment. Because the district court could reinstate Rodriguez's 292-month sentence absent the alleged conversion error, Rodriguez's sentence is AFFIRMED. See Wheeler, 322 F.3d at 828.