# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 10, 2011

No. 09-30369
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RAFAEL FULGENCIO, also known as Roberto Guzman Ortiz,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:00-CR-60029-9

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Rafael Fulgencio, federal prisoner # 10754-035, is serving a 141-month sentence following his conviction of conspiracy to possess with intent to distribute more than 50 grams of crack cocaine. He appeals the denial of his 18 U.S.C. § 3582(c)(2) motion, wherein he sought a reduction of sentence based on the retroactive amendments to U.S.S.G. § 2D1.1, the Sentencing Guideline for crack cocaine offenses. He argues that the district court abused its discretion

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

by denying his motion based on a clearly erroneous determination that the offense involved more than 4.5 kilograms of crack cocaine.

Section 3582(c)(2) permits a district court to reduce a term of imprisonment when it is based upon a sentencing range that has subsequently been lowered by an amendment to the Guidelines, if such a reduction is consistent with the policy statements issued by the Sentencing Commission. *See Dillon v. United States*, 130 S. Ct. 2683, 2691 (2010). We review a district court's denial of a reduction under § 3582(c)(2) for an abuse of discretion, its interpretation of the Guidelines de novo, and its findings of fact for clear error. *United States v. Evans,* 587 F.3d 667, 672 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 3462 (2010).

Fulgencio correctly observes that, at the time he was sentenced, a defendant would qualify for the maximum offense level under § 2D1.1 where the offense involved 1.5 kilograms or more of crack cocaine. Following the 2007 amendments, the maximum offense level under § 2D1.1 applies where the offense involves 4.5 kilograms or more of crack cocaine.

The presentence report in this case indicated that Fulgencio was being held responsible for more than 1.5 kilograms of crack cocaine because he was responsible for 39.3 kilograms of cocaine powder, and it was reasonably foreseeable to him that this cocaine would be converted to crack cocaine and then sold. The Crack Cocaine Guideline Recalculation prepared by the Probation Office indicates that Fulgencio's offense involved at least 39.3 kilograms of cocaine base, based on a one-to-one conversion ratio of cocaine powder to crack cocaine.

This court has not adopted a particular conversion ratio for cases involving crack cocaine. However, we have affirmed cases involving a range of conversion ratios. *See  United States v. Booker*, 334 F.3d 406, 413-414, n. 3 (5th Cir. 2003); *United States v. Rodriguez*, 305 F. App'x 206, 208 (5th Cir. 2008); *United States v. Britton*, 225 F. App'x 219, 222 (5th Cir. 2007). Even assuming that the district

court should have applied the "conservative and realistic" one-to-.5 conversion ratio used in *Booker*, the district court did not clearly err in determining that Fulgencio's offense involved more than 4.5 kilograms of crack cocaine. Application of the *Booker* ratio would yield approximately 19.7 kilograms of crack, well above the 4.5 kilogram threshold.

The district court did not clearly err by finding that the offense involved more than 4.5 kilograms of crack cocaine. *See Evans,* 587 F.3d at 672. Therefore, the 2007 amendments to § 2D1.1 did not have the effect of lowering Fulgencio's applicable guidelines range. *See* § 1B1.10(a)(2)(B). Because Fulgencio's guidelines calculations were not affected by the amendments, he was not eligible for a reduction under § 3582(c)(2). Consequently, the district court did not abuse its discretion by denying Fulgencio's § 3582(c)(2) motion. *See Dillon*, 130 S. Ct. at 2691.

AFFIRMED.