**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 23, 2011

Lyle W. Cayce
Clerk

No. 10-50465
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EDDIE CARRILLO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:09-CR-3337-1

Before REAVLEY, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Eddie Carrillo appeals the 382-month sentence he received for being a person required to register as a sex offender who traveled between states to engage in illicit sexual conduct with a minor. He asserts that the denial of his attempt to dismiss his retained attorney in the week before the sentencing hearing violated his Sixth Amendment right to be represented by counsel of his choice. He asserts that a continuance to allow him to hire new counsel would not have interfered with the effective administration of the district court because his

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

case was on the docket for only five months and he was able to retain his first attorney quickly.

We find no abuse of discretion in the denial of the motion to withdraw. Although Carrillo claimed to have been disgruntled with counsel "from day one," he testified during the plea hearing that he was satisfied with counsel's representation, and he did not seek to fire his attorney until the week before the sentencing hearing. Trial courts are instructed specifically to "be wary of late requests to change counsel lest they impede the prompt and efficient administration of justice." *McQueen v. Blackburn*, 755 F.2d 1174, 1178 (5th Cir. 1985) (internal quotation marks and citation omitted). Carrillo received two previous continuances, including a three-week continuance of the sentencing hearing shortly before he filed the motion to withdraw. Moreover, there is no indication in the record that Carrillo was willing or able to retain another attorney or that another attorney was available or prepared to represent him. The motion to withdraw states only that existing counsel was asked to withdraw by Carrillo's family, and Carrillo did not discuss any intent to hire another attorney during the hearing. Finally, just three weeks after the motion to withdraw was denied, the magistrate judge found that Carrillo was indigent and appointed counsel to represent him on appeal. Carrillo did not object to the appointment of counsel or indicate that he would prefer to hire counsel. In sum, Carrillo has not shown that his right to choose retained counsel outweighed "the higher interest of the effective administration of the courts." *United States v. Nolen*, 472 F.3d 362, 375 (5th Cir. 2006) (internal quotation marks and citation omitted).

Carrillo also contends that the district court's written judgment conflicts with its oral pronouncement of sentence. The district court orally recommended that Carrillo's federal sentence run concurrently with his state sentences, while the written judgment recommends that the state sentences run concurrently with the federal sentence. "When there is a conflict between a written sentence

and an oral pronouncement, the oral pronouncement controls." *United States v. Wheeler*, 322 F.3d 823, 828 (5th Cir. 2003) (internal quotation marks and citation omitted). We therefore agree with the parties that this case must be remanded for the district court to amend the written judgment to conform to the oral sentence. *See id.*

Accordingly, we AFFIRM in part, VACATE in part, and REMAND for amendment of the written judgment consistent with this opinion.