# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 22, 2011

Lyle W. Cayce
Clerk

No. 10-30718
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HERBERT V. GOLDSMITH,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:09-CR-279-2

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Herbert V. Goldsmith challenges his guilty plea for one count of conspiracy to possess with intent to distribute 50 grams or more of cocaine base or crack, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Goldsmith argues that the factual basis to which he pleaded guilty was insufficient to prove that (1) he participated in a conspiracy (2) to distribute 50 grams or more of crack cocaine because the factual basis established nothing more than a buyer-seller relationship between Goldsmith and a codefendant and mentioned only powder, instead of crack,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

cocaine. He also argues that his sentence was procedurally unreasonable because the district court erred in adopting a one-to-one conversion ratio for converting powder to crack.

Both of these issues are reviewed for plain error. *See United States v. London*, 568 F.3d 553, 558 (5th Cir. 2009); *see also United States v. Ronquillo*, 508 F.3d 744, 748 (5th Cir. 2007). To establish plain error, an appellant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If the appellant makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

An examination of the indictment and the record establishes that the district court did not err, plainly or otherwise, in concluding that Goldsmith's conduct satisfied every element of the conspiracy drug charge. *See United States v. Marek*, 238 F.3d 310, 314 (5th Cir. 2001). The factual basis states that agents intercepted a telephone call wherein Goldsmith and a codefendant talked about Goldsmith selling powder cocaine to the codefendant, "which would be cooked into crack for distribution," and that Goldsmith sold approximately 77 kilograms of powder cocaine to the codefendant and another individual. Additionally, the indictment provided that Goldsmith and numerous other codefendants "did knowingly and intentionally conspire and *agree together* to possess with the intent to distribute 50 grams" of cocaine base or crack. At his guilty-plea hearing, Goldsmith admitted that he had participated in a conspiracy to distribute 50 grams or more of crack cocaine. Based on the foregoing, Goldsmith's guilty plea was supported by a sufficient factual basis. *See Marek*, 238 F.3d at 314.

Likewise, Goldsmith has not established that the district court erred by applying a one-to-one ratio when converting powder cocaine to crack cocaine and consequently assigning him a base offense level of 38, pursuant to U.S.S.G.

§§ 2D1.1(a)(5), (c)(1).    Although this court has not adopted a particular conversion ratio for cases involving crack cocaine, this court has affirmed cases involving a range of conversion ratios.  *See United States v. Booker*, 334 F.3d 406, 413-14 & n.3 (5th Cir. 2003) (approving a 1-to-.5 ratio); *United States v Fulgencio,* No. 09-30369, 2011 WL 1773545, *1 (5th Cir. May 10, 2011) (unpublished) (affirming a one-to-one ratio because applying the 1-to-.5 ratio set forth in *Booker* still resulted in greater than 4.5 kilograms of crack); *United States v. Rodriguez*, 305 F. App'x 206, 208 (5th Cir. 2008) (affirming on plain error review a case applying one-to-one conversion ratio because application of 1-to-.5 ratio could result in the imposition of the same sentence); *United States v. Britton*, 225 F. App'x 219, 222 (5th Cir. 2007) (holding that the use of a 1-to-.75 ratio was reasonable).

Goldsmith admitted that he sold 77 kilograms of powder cocaine to a codefendant and another individual.  Even if the district court should have applied the "conservative and realistic" 1-to-.5 conversion ratio used in *Booker*, the district court did not plainly err in determining that Goldsmith's offense involved more than 4.5 kilograms of crack cocaine.  Application of the *Booker* ratio would yield approximately 38.5 kilograms of crack, well above the 4.5 kilogram threshold.

Additionally, Goldsmith has not shown that but for the district court's error, he would have received a lesser sentence.  *United States v. Villegas*, 404 F.3d 355, 364 (5th Cir. 2005).  Therefore, Goldsmith has not established that any error affected his substantial rights.  *Id.*

AFFIRMED.