# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 3, 2013

No. 12-30214
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RAFAEL FULGENCIO, also known as Roberto Guzman Ortiz,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:00-CR-60029-9

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Rafael Fulgencio, federal prisoner # 10754-035, pleaded guilty to conspiracy to possess with intent to distribute over 50 grams of cocaine base. USCA5 150-78. Fulgencio was initially sentenced to 235 months imprisonment, the low end of his Guidelines range. USCA5 209-14. The district court later reduced his sentence to 141 months imprisonment based on its finding, after a hearing, that Fulgencio provided substantial assistance to the government. USCA5 254-59. In 2008, Fulgencio filed a § 3583(c)(2) motion for reduction of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentence based on an amendment to the Guidelines that increased the threshold quantity of cocaine base triggering the maximum base offense level in § 2D1.1(c) from 1.5 to 4.5 kilograms. USCA5 263-73. The district court denied the motion, concluding that because Fulgencio was found responsible for 39.3 kilograms of cocaine powder, well above the amended 4.5 kilogram triggering quantity, his sentence was not "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). USCA5 300. We affirmed. *See United States v. Fulgencio*, 424 F. App'x 365, 365-67 (5th Cir. 2011) (per curiam).

The United States Sentencing Commission has since amended the drug quantity table in § 2D1.1(c) to further increase the triggering quantity from 4.5 to 8.4 kilograms. *See* U.S.S.G. § 2D1.1(c)(1). Following the amendment, Fulgencio again moved for a reduction in sentence pursuant to § 3583(c)(2). USCA5 Supp. 44-56. The district court denied the motion for the same reason as before: namely, the application of the amended triggering quantity would not result in a lower base offense level or Guidelines range. USCA5 Supp. 65-66. Once again, we agree that Fulgencio was ineligible for a further reduction because Fulgencio was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." § 3582(c)(2).

Additionally, Fulgencio argues that the district court erred in applying a 1–to–1 ratio when converting powder cocaine to crack cocaine. Appellant's Br. 5-12. That argument fails because a more conservative 1–to–.5 conversion ratio would yield 19.7 kilograms of cocaine base, well above the then–4.5 and now–8.4 threshold. *Fulgencio*, 424 F. App'x at 366-67; *see also United States v. Goldsmith*, 433 F. App'x 316, 318 (5th Cir. 2011) (per curiam) (affirming on plain error review a case applying a 1–to–1 conversion ratio because application of a more conservative 1–to–.5 ratio would result in the imposition of the same sentence).

No. 12-30214

For those reasons, the judgment is AFFIRMED and Fulgencio's motion to file a reply brief out-of-time is DENIED.