# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 13, 2013

Lyle W. Cayce
Clerk

No. 12-10913
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAMES BRADLEY TAYLOR,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:12-CR-16-1

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:[*]

James Bradley Taylor pleaded guilty to one count of possession of child pornography and received a sentence of 63 months in prison, to be followed by a lifetime term of supervised release. On appeal, he challenges two conditions of his supervised release term. Taylor first asserts that the district court erred in ordering that he "shall not possess, have access to, or utilize a computer or Internet connection device, including, but not limited to, Xbox, PlayStation, Nintendo, or similar device without permission of the court." He maintains that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a lifetime ban on computer and internet access is overly intrusive and onerous, that the condition is not narrowly tailored and is greater than necessary to deter future actions and protect the public, that the court-permission requirement will be unworkable, and that the ban proscribes his rights under the First Amendment. We review Taylor's challenge for an abuse of discretion. *United States v. Rodriguez*, 558 F.3d 408, 412 & n.3 (5th Cir. 2009). "[R]estrictions on Internet and computer use are often imposed in cases involving child pornography, and this circuit has routinely upheld such restrictions." *United States v. Ellis*, 720 F.3d 220, 225 (5th Cir. 2013) (upholding identical lifetime ban); *see also United States v. Miller*, 665 F.3d 114, 126, 133-34 (5th Cir. 2011) (upholding 25-year ban on computer use, subject to approval by the probation officer). Consequently, there is no error in the district court's imposition of the lifetime computer and internet ban.

In his second ground for relief, Taylor contends that the district court's written judgment conflicts with its oral pronouncement of sentence. The written judgment includes as a special condition of supervised release that Taylor "participate in a program . . . approved by the U.S. Probation Office for treatment of narcotic, drug, or alcohol dependency, which will include testing for the detection of substance use or abuse. The defendant shall abstain from the use of alcohol and/or all other intoxicants during and after completion of treatment." However, this provision was not orally pronounced at sentencing. The Government concedes that this is an error. Additionally, although the district court orally pronounced that Taylor should participate in mental health treatment services as directed by his probation officer, this condition was not included in the written judgment. These discrepancies regarding the special conditions of supervised release constitute a conflict. *See United States v. Vega*, 332 F.3d 849, 853 n.8 (5th Cir. 2003) (stating that special conditions of supervised release must be pronounced at sentencing); *United States v. Martinez*, 250 F.3d 941, 942 (5th Cir. 2001) (same). Accordingly, we agree with

the parties that this case should be remanded so that the district court may amend the written judgment to conform to the oral sentence. *See United States v. Wheeler*, 322 F.3d 823, 828 (5th Cir. 2003).

AFFIRMED IN PART, VACATED IN PART, AND REMANDED.