# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-50164
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 9, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE LUIS MARTINEZ-GARCIA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:13-CR-1828

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Jose Luis Martinez-Garcia pleaded guilty to a single count of illegal reentry after removal, in violation of 8 U.S.C. § 1326. The district court imposed a sentence of 42 months of imprisonment, which was within the applicable sentencing guidelines range. On appeal, Martinez-Garcia challenges the substantive reasonableness of his sentence, arguing that it is greater than necessary to achieve the sentencing goals of 18 U.S.C. § 3553(a).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-50164

As an initial matter, Martinez-Garcia contends that the applicable guidelines provision, U.S.S.G. § 2L1.2, is not empirically based and, therefore, his sentence should not be subject to a presumption of reasonableness. However, he concedes that this argument is foreclosed. *See United States v. Duarte,* 569 F.3d 528, 529-31 (5th Cir. 2009).

Because Martinez-Garcia objected in the district court, we review for substantive reasonableness under an abuse of discretion standard. *See Gall v. United States,* 552 U.S. 38, 51 (2007). A within-guidelines sentence is entitled to a presumption of reasonableness. *United States v. Alonzo,* 435 F.3d 551, 554 (5th Cir. 2006). "The presumption is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *United States v. Cooks,* 589 F.3d 173, 186 (5th Cir. 2009).

The district court heard and considered Martinez-Garcia's arguments at sentencing, including his claims of cultural assimilation, his new-found understanding of the possible penalties, and his mother's willingness to move to Mexico. However, it also considered Martinez-Garcia's criminal history, the violent nature of some of his prior convictions, and his repeated violations of prior terms of probation. Martinez-Garcia's disagreement with the district court's weighing of the § 3553(a) factors is insufficient to rebut the presumption of reasonableness that attaches to a within-guidelines sentence. *See Cooks,* 589 F.3d at 186.

The parties have noted a conflict between the oral and written sentences and request that we modify the written judgment to agree with the oral sentence. The district court's oral sentence imposed a two-year term of non-reporting supervised release, but its written judgment imposed a three-year

No. 14-50164

term of non-reporting supervised release.  We conclude that the better course is to remand to the district court for the limited purpose of correcting the written judgment.  *See United States v. Wheeler,* 322 F.3d 823, 828 (5th Cir. 2003).

Accordingly, the judgment of the district court is AFFIRMED in part, the motion to modify the judgment is DENIED, and this case is REMANDED for the limited purpose of correcting the written judgment to conform with the oral sentence.