# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-41289
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 7, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN TREVINO,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 1:15-CR-1006-1

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Juan Trevino pleaded guilty to possession with intent to distribute more than 50 kilograms of methamphetamine and was sentenced as a career offender to 262 months of imprisonment and five years of supervised release. On appeal, he challenges only his sentence, claiming that (1) the district court erred by applying the career offender enhancement under U.S.S.G. § 4B1.1(a), and (2) there is a conflict between the special

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

condition of supervised release in the written judgment and the special condition pronounced by the district court at sentencing.

We review a district court's interpretation or application of the Sentencing Guidelines de novo. We review its factual findings for clear error. *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

A defendant is classified as a career offender under § 4B1.1 if, after the age of eighteen, he commits a "felony that is either a crime of violence or a controlled substance offense" and he "has at least two prior felony convictions of either a crime of violence or a controlled substance offense." § 4B1.1(a). A defendant has two prior felony convictions for purposes of the career offender guideline when, as relevant here, he committed the offense for which he is being sentenced "subsequent to sustaining at least two felony convictions of . . . a crime of violence" and "the sentences for at least two of the aforementioned felony convictions are counted separately under the provisions of [U.S.S.G.] § 4A1.1(a), (b), or (c)." § 4B1.2(c).

Trevino's sole challenge to the career-offender enhancement at issue here is that his robbery sentences should not and could not have been counted separately, as provided under § 4A1.2(a)(2), because those sentences ran concurrently and were entered and imposed on the same date. However, even though both state court judgments are stamped March 15, 2008, those judgments clearly show that Trevino's prior sentences were imposed on different days. Thus, the district court did not err in applying the § 4B1.1 enhancement.

We agree, however, with Trevino's contention that there is a conflict between the court's written judgment and its oral pronouncement. The district court pronounced the special condition that, "[w]hile on supervised release," Trevino is "required to perform 50 hours of community service." The written

judgment contains the special condition that Trevino "shall perform 50 hours of community service as approved by the probation officer to be completed within the first 12 months of the supervised release term."

The inclusion in the written judgment of the special condition that Trevino perform the 50 hours of community service *within the first 12 months of supervised release*, creates a conflict, and not merely an ambiguity, between the oral pronouncement of sentence and the written judgment. *See United States v. Wheeler*, 322 F.3d 823, 828 (5th Cir. 2003); *United States v. Torres-Aguilar*, 352 F.3d 934, 936 (5th Cir. 2003). We therefore vacate the sentence in part and remand with instructions to the district court to modify, in a manner consistent with this opinion, the special condition in the written judgment to conform to its oral pronouncement.

SENTENCE AFFIRMED IN PART, VACATED IN PART; REMANDED WITH INSTRUCTIONS.